UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NOEL JOHN PAUL ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-00937 (UNA) |
| ) | |
| ) | |
| FEDERAL BUREAU ) | |
| OF INVESTIGATION, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of Kansas City, Missouri, sues the Federal Bureau of Investigation and the United States Marshals Service. *See* Compl. at 1–3. Plaintiff's allegations are rambling and difficult to follow. At root, he is aggrieved that defendants have declined to investigate several individuals who plaintiff has reported to those agencies, from February 2016 to date. *See id*. at 5–6, 8. He alleges that those individuals—who plaintiff has sued in other litigation, but who are not named as defendants in this case—continue to stalk, harass, and threaten him, have tampered with his communications, interfered with his federal jury service, and caused him to be falsely arrested and admitted for psychiatrist treatment. He contends that defendants' alleged failure to pursue his "tips," and their failure to arrest these individuals for "federal crimes," constitute violations of his constitutional rights, and he demands the individuals' arrest and $550 million in damages. *See id*. Plaintiff faces hurdles here that he cannot overcome.

First, plaintiff cannot compel criminal investigation by federal law enforcement by filing a civil complaint in a federal court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982) (per curiam) (holding that a federal agent's determination whether to investigate alleged criminal violations is discretionary and cannot be challenged). The Executive Branch has absolute discretion to decide whether to investigate and its decisions are not subject to judicial review. *See Jafree*, 689 F.2d at 643; *United States v. Nixon,* 418 U.S. 683, 693 (1974) (same).

Nor can plaintiff compel defendants to arrest the alleged wrongdoers and prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995) (holding that courts do not bear authority to review the Attorney General's litigation-related decisions in either criminal or civil matters or to compel related action). The decision of whether or not to prosecute, and for what offense, rests solely with the government. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). Simply put, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Second, although plaintiff invokes the constitution and seeks damages, using labels and legal phrases that suggest legal claims, no facts are supplied to actually state a cognizable claim against defendants thereunder. *Pro se* litigants must comply with the applicable Rules of Civil

Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Relevant here, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); Ciralsky v. CIA, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8(a) standard ensures that defendants receive fair notice of the claims asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Additionally, "each allegation [in a pleading] must be simple, concise, and direct[,]" Fed. R. Civ. P. 8(d)(1), and plaintiff's allegations simply cannot be described that way.

Indeed, as here, courts have "unhesitatingly dismissed actions where the complaint" fails to comply with Federal Rule 8, including those that characterized as "confusing, ambiguous, redundant, vague and, in some respects, unintelligible." *See Brown*, 75 F.R.D. at 499 (collecting cases) (citation omitted). And the court is authorized to dismiss claims, "without regard to whether [the claims are] based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Here, plaintiff's purported constitutional claims fall into the former category. "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Accordingly, this matter is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 28, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge